<007>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES TIGNER, #152 184, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-954-MHT |
| | ) | [WO] |
| MS. SPARKS (CLERK), *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on October 31, 2012. On February 22, 2013, the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint. *Doc. No. 19*. The February 22 order also instructed Plaintiff to inform the court of any change in his address as all parties have an affirmative duty to inform this court of any address changes during the pendency of their actions. *Id*. at ¶8(h).

The court recently learned that Plaintiff is no longer housed at the Draper Correctional Facility which is the last known service address the court has on file for him. *See Doc. No. 61*. Consequently, an order was entered on October 13, 2015, directing Plaintiff to inform the court of his present mailing address. *Doc. No. 71*. Plaintiff was cautioned that his failure to comply with the court's October 13 order would result in a recommendation this case be dismissed. *Id.*

On October 23, 2015, the envelope containing Plaintiff's copy of the court's October 13, 2015, order was returned to the court marked as "undeliverable." As Plaintiff is no longer residing at the last service address he provided to the court, and he has not provided this court

with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff at his last known address.

It is further

ORDERED that **on or before November 24, 2015**, the parties may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 10th day of November, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE